## Tackett v. Commonwealth.

(Decided November 11, 1924.)

### Appeal from Floyd Circuit Court.

1. Homicide—Lack of Reason to Know Right from Wrong, Arising Alone from Voluntary Drunkenness, does Not Warrant Acquittal.— Lack of reason to know right from wrong, or have sufficient will power to govern actions or control impulses, arising alone from voluntary drunkenness existing at time of killing, does not warrant acquittal on ground of insanity.

2. Homicide—Drunkenness Held Not Involuntary.—Drunkenness was not involuntary in homicide case, where defendant did not drink

against his will, as by force, stratagem, or physician's prescription, though defendant misjudged intoxicating effect of beverage.

A. J. MAY, JOHN D. SMITH and EDWARD L. ALLEN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Clay—Affirming.

This is an appeal from a judgment based on a verdict finding appellant guilty of manslaughter, and fixing his punishment at 21 years in the penitentiary.

The facts are these: On the day of the homicide, appellant went to the mines where he was employed and loaded coal until about 10 o'clock a. m. He then went to a pool room in Ligon, a small mining town in Floyd county, and engaged in a game of pool. While there he drank eight or ten bottles of Jamaica ginger, without having eaten anything during the day except a light breakfast, and became very much intoxicated. In the afternoon Henry Hall, appellant's brother-in-law, came to the pool room after appellant. A few minutes before the homicide James Henson, the deceased, had passed the pool room going in the direction of his home. As he did so appellant referred to him in uncomplimentary terms, and shortly thereafter left the pool room accompanied by Hall. As they walked along he indulged in considerable talk to the effect that he was going to kill somebody before dark. When appellant reached the home of the deceased, who was standing at his yard fence, the deceased said, "Come over here, Hatler." At that time Hall was endeavoring to keep appellant from firing his pistol, and when the deceased spoke it attracted appellant's attention and he broke loose from Hall and fired his pistol three times. One of the shots went wild, while the two other shots were fired in the direction of the deceased, and one of them caused his death. It does not appear that the deceased said or did anything at the time calculated to arouse any passion on the part of appellant. There was further evidence to the effect that appellant and deceased were on friendly terms, and that after firing the first shot appellant fell over a bank. The second shot was fired as he went over the bank, and the third shot was fired as he struggled to his feet. One of the witnesses stated that the shooting

was not intentional, and it was also shown that the deceased said that it was an accident.

The court instructed on murder, voluntary manslaughter, the reckless handling of a pistol, insanity, involuntary manslaughter and accidental killing.

It is first insisted that the court erred in qualifying the insanity instruction by an instruction on voluntary drunkenness, which told the jury in substance, that although they might believe from the evidence that at the time of the homicide appellant was insane, and had not sufficient reason to know right from wrong, or was without sufficient power to govern his actions by reason of some impulse which he could not resist or control, yet if they further believed from the evidence that such lack of reason to know right from wrong, or have sufficient will power to govern his actions, or control his impulses, arose alone from voluntary drunkenness then existing, they should not acquit him on the ground of insanity. This instruction is a sound exposition of the law on the subject, and has often received the approval of this court. Wright v. Commonwealth, 72 S. W. 340, 24 Ky. Law Rep. 1838; Mathley v. Commonwealth, 120 Ky. 389, 86 S. W. 988.

Another contention is that the court erred in not giving an instruction on involuntary drunkenness. One's intoxication is not involuntary unless against his will, as where he is compelled to drink by force, fraud or stratagem of another, or takes liquor prescribed by a physician in good faith. 12 Cyc. 175, 1 Hale P. C. 32. Here no such case is presented. In speaking of the effect of Jamaica ginger, appellant says: "I knew it was a little intoxicating, but didn't think it was that high." Clearly, where one drinks of his own free will, the mere fact that he misjudged his own capacity, or the intoxicating effect of the particular beverage, will not render his intoxication involuntary.

Further complaint is made of the fact that the instruction on accidental killing was a part of the instruction on involuntary manslaughter, and that the two were so mixed up as to be confusing to the jury. We have carefully examined the instruction and have reached the conclusion that it was not prejudicial either in form or substance to the substantial rights of appellant.

Judgment affirmed.