## Bartholomew v. Commonwealth.

(Decided September 29, 1925.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Accused Held Not Denied Opportunity to Consult Attorney Before Trial.—In prosecution for possession of intoxicating liquor, record showing that accused was represented

by counsel and called only one witness to prove good reputation does not bear out complaint that he had no opportunity to consult attorney before trial.

2.   Criminal Law—Newly Discovered Evidence Held Not Sufficient to Secure New Trial.—After conviction for possession of intoxicating liquor, newly discovered evidence that witness would testify that on night accused was arrested he saw him a short time before arrest and did not recognize him, in absense of showing of materiality of such evidence, was not sufficient to secure new trial.

3.   Criminal Law—Voluntary Intoxication no Justification for Commission of Crime.—Volontary intoxication is no justification for commission of crime.

4.   Criminal Law—Fact that Accused was so Drunk that he did Not Know What he was Doing Held Not Sufficient Excuse for Illegal Possession of Intoxicating Liquors.—The fact that accused, before arrest, had become so intoxicated that he did not know what he was doing, and did not know that he had whiskey in possession, is not sufcient excuse for illegal possession of intoxicating liquor.

CLARENCE E. SANDERS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

As defense to the charge of possessing intoxicating liquors in violation of law, appellant Bartholomew pleaded and testified that he was so intoxicated that he did not know whether he possessed the three pints of liquor found on him or not; that he had no intention to possess it and was not, therefore, guilty. The police officers testified they found him on the pavement in front of a restaurant in Louisville in an intoxicated condition; that they arrested him for drunkenness and when they carried him to jail they found on him three pints of whiskey. It is for the possession of these three pints of whiskey that he was tried and convicted in this case. Testifying for himself he said: "No, sir, I do not remember a thing about it." "Q. You say you had a couple of drinks; was that white whiskey or red whiskey you drank? A. It was white whiskey I drank. A friend of mine offered me a drink and I do not remember a thing after I taken that drink."

At another time he was asked: "Q. Go ahead in your own way and tell the jury what happened up

there that night? A. I was out with some friends that evening and had a few drinks and I did not know a thing about any bottles or anything that happened after I drank a couple of drinks; I had some friends with me and they left me; that was the last I remember. . . . ''
"Q. Do you know about when you were arrested? A. No, sir, I do not. Q. Do you know where that liquor came from? A. No, sir. Q. You do not know whether you had it? A. I do not know whether I had it or not."

On cross-examination he was asked: "Q. When did your memory leave you? A. I took a couple of drinks and I do not remember a thing after that. Q. Did you drink some of your own whiskey? A. I do not remember that at all."

He did not deny having the liquor in possession. The only question, therefore, was whether knowingly and purposely he had the liquor in possession. The jury concluded from the facts proven that appellant had the whiskey in his possession for his own use or for a purpose of his own.

Appellant's second complaint is he did not have opportunity to consult his attorney before trial. He is not borne out by the record in this. He was represented by able counsel. He only called one witness in his behalf and that to prove his good reputation. The facts are so brief that it would have taken very little time for appellant to have acquainted his counsel with all his evidence.

(3) Appellant filed an affidavit in which he complained that his lawyer, named Smith, whom he had engaged, failed to represent him and that he later got another lawyer. He does not state the first name of attorney Smith, nor give the reason why the attorney refused to represent him.

His third ground for reversal of the judgment is the discovery of new evidence since his trial and conviction. The affidavit in support of his motion for new trial contains this statement: "Since the trial of this case he (appellant) has discovered that William O'Keefe, of the city of Louisville, Kentucky, will testify to the following facts: That on the night the defendant was arrested he saw him a short time before his arrest and at this time he did not recognize him." The materiality of this evidence does not appear, and there is nothing in the affidavit to indicate what purpose it would have served in appellant's defense had it been introduced. The mere fact that an officer saw appellant a short time before he

was arrested and did not recognize appellant does not appear to be material to his defense.

Voluntary intoxication is not a justification for the commission of crime, if, as appellant contends, he took a couple of drinks of whiskey and became so intoxicated that he did not know what he was doing and did not know that he had whiskey in possession after the taking of the second drink until after his arrest, does not seem to be a sufficient excuse in law for his possession of intoxicating liquors for purposes other than those allowed by statute. Tackett v. Commonwealth, 205 Ky. 490; Wright v. Commonwealth, 24 R. 1838, 72 S. W. 340; Mathley v. Commonwealth, 120 Ky. 389.

No good reason appearing why the judgment should be reversed, it is affirmed.

Judgment affirmed.